UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR,<br><br>Plaintiffs,<br><br>v.<br><br>LIBBY FERNANDEZ, CHRIS DELANEY,<br><br>Defendants. | No. 2:18-cv-442-MCE-EFB PS<br><br><br><br>ORDER |

Plaintiff seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her application makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiffs may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiffs' complaint must be dismissed for failure to state a claim.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Plaintiff's allegations are somewhat difficult to follow. Liberally construed, the complaint alleges that while plaintiff was a homeless guest at Loaves and Fishes in Sacramento, California, she was permitted to work on a business plan in defendant Fernandez's office. *Id*. at 6-7. Plaintiff alleges that she created a document detailing her business plan, which addressed how Loaves and Fishes could obtain corporate donations to purchase solar panels. *Id*. Fernandez allegedly stole plaintiff's document, quit her job with Loaves and Fishes, and started a new business based on plaintiff's "business model for Secret Santa." *Id*. at 6. Fernandez, instead of giving plaintiff credit for her work, allegedly bragged that she had made plenty of money off plaintiff's business model. *Id*. at 6. Plaintiff further alleges that defendant "Chris Delaney

2

allowed this to occur." *Id*. at 7. The complaint purports to assert a federal question claim for copyright infringement and a state law breach of contract claim.[2] *Id*. at 2, 4.

To state a claim for copyright infringement, a plaintiff must allege facts plausibly showing "(1) that he owns a valid copyright in his work, and (2) that the defendants copied protected aspects of the work's expression." *Skidmore for Randy Craig Wolfe Trust v. Led Zeppelin*, 905 F.3d 1116, 1125 (9th Cir. 2018). To establish the second element, a plaintiff must allege facts showing the two works at issue are "strikingly similar," or "that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481, 485 (9th Cir. 2000).

Plaintiff's allegations fail to establish either element. Plaintiff does not allege that she had a valid copyright in the document containing the alleged business plan. Nor does she allege any facts demonstrating that defendants created a similar work based on that document. Accordingly, plaintiff's fails to state a claim for copyright infringement.

As noted, the complaint also purports to allege a state law breach of contract claim. However, plaintiff has yet to assert a properly pleaded federal cause of action that would permit supplemental jurisdiction over her state law claim. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Furthermore, the complaint fails to establish diversity of the parties that could support diversity jurisdiction over the state law claim. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).

---

[2] Plaintiff recently filed a document styled as an amended complaint. ECF No. 3. The document, however, contains only a brief summary of the original complaint's allegations and a conclusory contention that defendants have engaged in unconscionable acts. *Id*. Given that the document is largely devoid of specific factual allegations and does not identify any specific claim, the court declines to construe it as a first amended complaint. In any event, plaintiff will be afforded leave to file an amended complaint, as explained below.

Accordingly, plaintiff's complaint must be dismissed. Plaintiff is granted leave to file an amended complaint, if she can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

/////

4

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: November 25, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE